UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JONNIE JONES,

                      Plaintiff,

    -against-                                      9:23-CV-0523 (LEK/TWD)

CHAMPLAIN VALLEY PHYSICIANS
HOSPITAL, *et al.*,

                      Defendants.

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Pro se Plaintiff Jonnie Jones commenced this civil rights action pursuant to 42 U.S.C. § 1983 on April 27, 2023. Dkt. No. 1 ("Complaint"). Plaintiff alleged violations of his Eighth Amendment rights arising out of his confinement at Clinton Correctional Facility ("Clinton C.F."). See id. at 1. Plaintiff sought leave to proceed in forma pauperis ("IFP Application"). Dkt. No. 2. In a Memorandum-Decision and Order filed on June 16, 2023, the Court dismissed the complaint for failure to state a claim upon which relief may be granted. Dkt. No. 9 ("June Order"). However, in light of his pro se status, Plaintiff was afforded an opportunity to submit an amended complaint, see id. at 12–13, which is now before the Court, see Dkt. No. 11 ("Amended Complaint").

### II.    BACKGROUND

In the Amended Complaint, Plaintiff identifies the following new Defendants: New York State, the New York State Department of Corrections and Community Supervision ("DOCCS"), Nurse Jane Doe, Doctor John Doe (Champlain Valley Hospital), Surgeon John Doe (Champlain

Valley Hospital), Nurse Jane Doe #1 (Albany Medical Center), and Nurse Jane Doe #2 (Albany Medical Center). See id. at 2.

The factual allegations against these Defendants and previously named Defendants Clinton C.F., Champlain Valley Medical Department, Champlain Valley Hospital, Albany Medical Department, and Albany Hospital, as well as the claims for relief against each Defendant, are substantially the same in the Amended Complaint as they were in the Complaint. Those allegations and claims were described at length in the June Order.

### III.    STANDARD OF REVIEW

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b) was discussed at length in the June Order and it will not be restated in this Memorandum-Decision and Order. See June Order at 3–5.

### IV.    DISCUSSION

**A. Eleventh Amendment**

The law related to the Eleventh Amendment was discussed in the June Order, and will not be restated here. See June Order at 6–7. There, the Court dismissed Plaintiff's Section 1983 claims with prejudice, finding that they were barred by the Eleventh Amendment because Plaintiff sought monetary damages against Clinton C.F. Id. To the extent that Plaintiff attempts to reassert Section 1983 claims for money damages against Clinton C.F. in the Amended Complaint, those claims are dismissed with prejudice for the reasons set forth in the June Order. See id.

With the Amended Complaint, Plaintiff attempts to assert new Section 1983 claims for money damages against New York State and DOCCS. See Am. Compl. at 2. For the reasons set forth in the June Order, these claims are dismissed with prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by Eleventh Amendment immunity. See June Order at 6–7.

**B. Eighth Amendment**

The law related to Eighth Amendment deliberate medical indifference claims was discussed in the June Order, and will not be restated here. See id. at 7–8.

*1. Claims Against Nurse Jane Doe*

In the Amended Complaint, Plaintiff alleges he sought medical treatment from Nurse Jane Doe at Clinton C.F. on March 5, 2022 and March 10, 2022. Am. Compl. at 3. Even assuming Plaintiff suffered from a sufficiently serious condition to satisfy the objective prong of the Eighth Amendment analysis, the allegations fail to plausibly allege that Nurse Jane Doe was deliberately indifferent to Plaintiff's condition, as discussed in the June Order. See June Order at 10 Plaintiff's allegation that Nurse Jane Doe checked his vitals but did not examine his stomach, order x-rays, or provide medication suggests a disagreement with the treatment provided, which is not actionable under Section 1983. See Greathouse v. Meddaugh, 632 F.Supp.3d 3, 18 (N.D.N.Y. 2022) (dismissing Eighth Amendment claims based upon allegation that defendant nurse "did not fully evaluate or investigate [the plaintiff's] complaints or symptoms beyond taking his vitals").

For the reasons set forth herein and in the June Order, the claims against Nurse Jane Doe are dismissed.

*2. Claims Against Doctor Doe and Surgeon Doe*

In the Amended Complaint, Plaintiff repeats his Eighth Amendment claims against Champlain Valley Medical Department and Champlain Valley Hospital while including new allegations against Doctor Doe and Surgeon Doe.

As discussed in the June Order, "[a] private person—not a government official—acts under color of state law for purposes of [Section] 1983 when 'he has acted together with or has obtained significant aid from state officials' or because his conduct is otherwise chargeable to the state." June Order at 9–10 (citations omitted). Furthermore, as noted in the June Order, Plaintiff's Section 1983 claims against Champlain Valley Hospital and Medical Department "are akin to a claim for municipal liability." Id. at 11 (citations omitted).

Plaintiff alleges that Doctor Doe and Surgeon Doe "hit a nerve" during surgery. Am. Compl. at 3. As discussed in the June Order, "[t]he protections afforded by the Eighth Amendment do not extend to remedy harms which may be inflicted as a result of conduct amounting to negligence or medical malpractice." June Order at 10. Without more, these allegations do not suggest that Doctor Doe and/or Surgeon Doe exhibited a conscious disregard to Plaintiff's health.

For the reasons set forth in the June Order, the claims against Doctor Doe and Surgeon Doe are dismissed. And because Plaintiff has failed to adequately allege that he suffered a violation of his constitutional rights as a result of Doctor Doe's or Surgeon Doe's actions, Plaintiff's Section 1983 claims against their employer, Champlain Valley Physicians Hospital/Medical Department, must be dismissed as well. See id. at 11.

> *3. Claims Against Albany Medical Center Nurses Jane Doe #1 and #2, Albany Medical Department and Albany Hospital*

On April 12, 2022, while Plaintiff was at Albany Medical Center Hospital, Defendant Nurse Jane Doe #1 "held him down" while Defendant Nurse Jane Doe #2 "forced a tube" inside Plaintiff's rectum without approval from a physician. Am. Compl. at 4. Plaintiff alleges that when he spoke with the doctor, the tube was removed. Id.

For the purposes of this sufficiency review pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), the Court assumes, without deciding, that Nurses Jane Doe #1 and #2 acted under color of state law. At this juncture, the Court finds that Plaintiff's Eighth Amendment claims against Nurses Jane Doe #1 and #2, Albany Medical Department, and Albany Hospital survive review and require a response. See Murphy v. Walker, 51 F.3d 714, 720 (7th Cir. 1995).

V.   **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Amended Complaint (Dkt. No. 11) is accepted for filing; and it is further

**ORDERED**, that the Clerk of the Court shall amend the docket to (1) add Defendants New York State, DOCCS, Nurse Jane Doe, Doctor John Doe (Champlain Valley Hospital), Surgeon John Doe (Champlain Valley Hospital), Nurse Jane Doe #1 (Albany Medical Center), and Nurse Jane Doe #2 (Albany Medical Center); and (2) terminate McMahon, Menoscal, and D'Amico as Defendants herein; and it is further

**ORDERED**, that Plaintiff's claims against New York State, DOCCS, Nurse Jane Doe, Doctor Doe, Surgeon Doe, Champlain Valley Medical Department, and Champlain Valley Hospital are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that Plaintiff's Eighth Amendment claims against Nurse Jane Doe #1 (Albany Medical Center) and Nurse Jane Doe #2 (Albany Medical Center), Albany Medical Department, and Albany Hospital survive review and require a response; and it is further

**ORDERED**, that the Clerk of the Court terminate the following Defendants: New York State, DOCCS, Nurse Jane Doe, Doctor John Doe (Champlain Valley Hospital), Surgeon John

Doe (Champlain Valley Hospital), Champlain Valley Medical Department, and Champlain Valley Hospital; and it is further

**ORDERED**, that Plaintiff shall take reasonable steps through discovery to ascertain the identity of Defendants Nurse Jane Doe #1 and Nurse Jane Doe #2. Plaintiff's failure to timely serve those Defendants will result in dismissal of the claims asserted against them and termination of those Defendants from the action; and it is further

**ORDERED**, that the Clerk shall issue summonses and forward them, along with copies of the Amended Complaint, to the United States Marshal for service upon Defendants. The Clerk shall forward a copy of the summonses and Amended Complaint to the Office of the Attorney General, together with a copy of this Decision and Order, by electronic mail only; and it is further

**ORDERED**, that Defendants file a response to the Amended Complaint pursuant to the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. Plaintiff is also required to promptly notify the Clerk's Office and all parties or

their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

DATED:   September 12, 2023
         Albany, New York

LAWRENCE E. KAHN
United States District Judge