UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JONNIE JONES,

                                Plaintiff,

v.                                                                  9:23-cv-0523 (LEK/TWD)

ALBANY MEDICAL CENTER HOSPITAL, et al.,

                                Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

JONNIE JONES
Plaintiff, pro se
19-A-1257
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

MAYNARD, O'CONNOR,                           ROBERT A. RAUSH, ESQ.
SMITH & CATALINOTTO, LLP
Attorneys for Defendant
Albany Medical Center Hospital
6 Tower Place
Albany, NY 12203

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

### I. INTRODUCTION

This matter has been referred for a report and recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). *Pro se* Plaintiff Jonnie Jones ("Plaintiff") commenced this civil rights action pursuant to 42 U.S.C. § 1983 on April 27, 2023. Dkt. No. 1. Plaintiff alleged violations of his Eighth Amendment rights arising out of his confinement at Clinton Correctional Facility. *See id.*

at 1.[1]  On June 16, 2023, the Court granted Plaintiff's motion to proceed *in forma pauperis* and dismissed the complaint for failure to state a claim upon which relief may be granted without prejudice and with leave to amend.  Dkt. No. 9.  Plaintiff filed an amended complaint on June 28, 2023.  Dkt. No. 11.

On September 23, 2023, the Court accepted the amended complaint for filing and ordered Plaintiff's Eighth Amendment deliberate medical indifference claims against Defendants Nurse Jane Doe #1 (Albany Medical Center), Nurse Jane Doe # 2 (Albany Medical Center), Albany Medical Center Hospital, and Albany Medical Department survived review and required a response.  Dkt. No. 12.  On October 20, 2023, Defendant Albany Medical Center Hospital filed an answer.  Dkt. No. 16.  Thereafter, the Court issued a Mandatory Pretrial Discovery and Scheduling Order.  Dkt. No. 17.

Currently before the Court is a motion filed by Defendant Albany Medical Center Hospital.  Dkt. No. 21.  The motion has been styled as a motion to dismiss, however, since Defendant already filed its answer, the Court construes the motion as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[2]  Plaintiff opposes the motion, Dkt. No. 48, and Defendant has filed a reply, Dkt. No. 50.

## II.   BACKGROUND

As described in the amended complaint, in March 2022, Plaintiff sought medical attention at Clinton Correctional Facility for extreme abdominal pain.  Dkt. No. 11 at 3.  On

---

[1] Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

[2] *See Pare v. Valet Park of Am.*, No. 1:19-CV-0206 (LEK/DJS), 2021 WL 5564681, at *1 (N.D.N.Y. Nov. 29, 2021) ("Although the defendants' motion is styled as a motion to dismiss pursuant to Rule 12(b), a motion brought after an answer has been filed is properly designated a motion for judgment on the pleadings pursuant to Rule 12(c).") (citation omitted).

March 26, 2022, Plaintiff was sent to Champlain Valley Physicians Hospital and underwent surgery. *Id*. During the surgery, the surgeon "hit a nerve" and Plaintiff was transferred to Albany Medical Center Hospital with an "open stomach." *Id.* at 3.

On April 12, 2022, while Plaintiff was at Albany Medical Center Hospital, Defendant Nurse Jane Doe #1 "held him down" while Defendant Nurse Jane Doe #2 "forced a tube" inside Plaintiff's rectum without approval from a physician. *Id*. at 4. Plaintiff alleges that when he spoke with the doctor, the tube was removed. *Id*.

### III. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed R. Civ. P. 12(c). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (cleaned up). In deciding such a motion, a court presumes all well-pleaded facts to be true and draws all reasonable inferences in favor of the pleader. *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009).

To survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint "does not need detailed factual allegations," but must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Thus, unless a plaintiff's well-pleaded allegations have

"nudged [its] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Id*. at 570; *Iqbal*, 556 U.S. at 680.

Where a party is proceeding *pro se*, the court is obliged to "read [the *pro se* party's] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (courts remain obligated to construe *pro se* complaints liberally even after *Twombly*).

In deciding a motion for judgment on the pleadings, the court may consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quotation omitted). Further, the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider a plaintiff's papers in opposition to a defendant's motion to dismiss as effectively amending the allegations of the plaintiff's complaint, to the extent that those factual allegations are consistent with the allegations of the plaintiff's complaint. *Robles v. Bleau*, No. 07-CV-0464, 2008 WL 4693153, at *6 and n.41 (N.D.N.Y. Oct. 22, 2008) (collecting cases); *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004) (where a *pro se* plaintiff is faced with a motion to dismiss, a court may consider materials outside of the complaint "to the extent they are consistent with the allegations in the complaint."), *vacated in part on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004).

"Judgment on the pleadings is not appropriate if there are issues of fact which if proved would defeat recovery, even if the trial court is convinced that the party opposing the motion is unlikely to prevail at trial. Thus, where a question of fact is in dispute, it is improper for the

district court to answer it on a motion for dismissal on the pleadings." *Lively*, 6 F.4th at 301 (cleaned up).

## IV.    DISCUSSION

Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. To state a Section 1983 claim, "a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015).

In order to state a claim based on constitutionally inadequate medical treatment, the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). There are two elements to the deliberate indifference standard. *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003). The first element is objective and measures the severity of the deprivation, while the second element is subjective and ensures that the defendant acted with a sufficiently culpable state of mind. *Id*. at 184 (citing *inter alia Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

In order to meet the objective requirement, the alleged deprivation of adequate medical care must be "sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Determining whether a deprivation is sufficiently serious also involves two inquiries. *Id*. The first question is whether the plaintiff was actually deprived of adequate medical care. *Id*. Prison officials who act "reasonably" in

response to the inmate's health risk will not be found liable under the Eighth Amendment because the official's duty is only to provide "reasonable care." *Id*. (citing *Farmer*, 511 U.S. at 844-47).

The second part of the objective test asks whether the purported inadequacy in the medical care is "sufficiently serious." *Id*. at 280. The court must examine how the care was inadequate and what harm the inadequacy caused or will likely cause the plaintiff. *Id*. (citing *Helling v. McKinney*, 509 U.S. 25, 32-33 (1993)). If the "unreasonable care" consists of a failure to provide any treatment, then the court examines whether the inmate's condition itself is "sufficiently serious." *Id*. (citing *Smith*, 316 F.3d at 185-86). "In cases where the inadequacy is in the medical treatment given, the seriousness inquiry is narrower," *id*., and it is "the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract, that is relevant." *Smith*, 316 F.3d at 186 (citing *Chance*, 143 F.3d at 702-03).

The second element is subjective and asks whether the official acted with "a sufficiently culpable state of mind." *Id*. (citing *Wilson v. Seiter*, 501 U.S. 294, 300 (1991)). In order to meet the second element, plaintiff must demonstrate more than a "negligent" failure to provide adequate medical care. *Id*. (citing *Farmer*, 511 U.S. at 835-37). Instead, plaintiff must show that the defendant was "deliberately indifferent" to that serious medical condition. *Id*. Deliberate indifference is equivalent to subjective recklessness. *Id*. (citing *Farmer*, 511 U.S. at 839-40).

In order to rise to the level of deliberate indifference, the defendant must have known of and disregarded an excessive risk to the inmate's health or safety. *Id*. (citing *Chance*, 143 F.3d at 702). The defendant must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must draw that inference. *Chance*,

143 F.3d at 702 (citing *Farmer*, 511 U.S. 825 at 837). The defendant must be subjectively aware that his or her conduct creates the risk; however, the defendant may introduce proof that he or she knew the underlying facts, but believed that the risk to which the facts gave rise was "insubstantial or non-existent." *Farmer*, 511 U.S. at 844.

Additionally, a plaintiff's disagreement with prescribed treatment does not rise to the level of a constitutional claim. *Sonds v. St. Barnabas Hosp. Correctional Health Services*, 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001). Prison officials have broad discretion in determining the nature and character of medical treatment afforded to inmates. *Id*. (citations omitted).

Here, Defendant Albany Medical Center Hospital argues that it cannot be held liable under Section 1983 because it was not acting under the color of state law and the amended complaint fails to state an Eighth Amendment deliberate indifference claim against it. *See generally*, Dkt. No. 21-1 at 5-8; *see* Dkt. No. 16 at 1 (asserting among other affirmative defenses that "Albany Medical Center and its employees are not state actors" and "'Albany Medical Department' is not a proper legal entity").

"It is well-settled that a plaintiff alleging a violation of [his] constitutional rights under Section 1983 must show state action." *A.S. v. City Sch. Dist. of Albany*, 585 F. Supp. 3d 246, 284 (N.D.N.Y. 2022) (citing *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (noting state action requirement under Section 1983). "[S]ection 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Gonzalez v. L'Oreal USA, Inc.*, 489 F. Supp. 2d at 181, 186 (N.D.N.Y. 2007) (quoting *Sullivan*, 526 U.S. at 50).

While private parties generally are not state actors, their conduct can be attributed to the state for Section 1983 purposes if "(1) the State compelled the conduct, (2) there is a sufficiently

close nexus between the State and the private conduct, or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State." *Hogan v. A.O. Fox Mem'l Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009) (summary order) (citing S*ybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam)).

"The crucial inquiry in determining whether a physician who provides medical services to inmates is a state actor for purposes of § 1983, is the relationship among the State, the physician, and the plaintiff." *Nunez v. Horn*, 72 F. Supp. 2d 24, 27 (N.D.N.Y. 1999) (citing *West v. Atkins*, 487 U.S. 42, 56 (1988)). "If a plaintiff can establish that a private hospital or private physician was under contract with the state to provide medical services to inmates, the hospital or physician may be liable as a 'state actor' under section 1983." *Johnson v. Cnty. of Saratoga*, No. 9:18-CV-0096 (DNH/DEP), 2018 WL 10910777, at *5 (N.D.N.Y. Apr. 16, 2018) (citations omitted).

Here, Defendant argues Albany Medical Center Hospital (also referred to as "AMCH") is a "private institution, and, at most was providing medical treatment when [Plaintiff] was transferred there from Champlain Valley Physician's Hospital, and pursuant to a contract between AMCH and NYS Department of Corrections to provide medical treatment to inmates." Dkt. No. 21-1 at 5. According to Defendant, "[t]he mere existence of that contract should not otherwise convert a private institution and employees to state actors." *Id*. Contrary to Defendant's assertion, as noted above, "such a relationship has been repeatedly held to turn the private entity into a state actor for purposes of § 1983." *Williams v. Kepro*, No. 9:21-CV-302 (TJM/CFH), 2023 WL 5806418, at *8 (N.D.N.Y. Aug. 8, 2023) (collecting cases), *report and recommendation adopted*, 2023 WL 5806328 (N.D.N.Y. Sept. 7, 2023); *see also Brown v. Pangia*, No. 11-CV-6048, 2014 WL 2211849, at *3 (S.D.N.Y. May 27, 2014) ("In cases where a

8

private physician was found to have acted under color of state law, the physician either had a contract with the state or otherwise willfully agreed to treat incarcerated patients.").

At this juncture, Plaintiff has sufficiently alleged Defendant Albany Medical Center Hospital was acting under the color of state law for purpose of Section 1983. Therefore, the Court recommends Defendant's motion be denied on this basis. *See Phillips v. Wright*, No. 9:09-CV-1328 (GTS/RFT), 2010 WL 5565669, at *8 n.6 (N.D.N.Y. Aug. 11, 2010) (concluding at the motion to dismiss stage that "[b]ecause Plaintiff alleges that APS Healthcare is under contract with DOCS, he has made a facially valid allegation that such entity acted under color of state law."), *report and recommendation adopted*, 2011 WL 94173 (N.D.N.Y. Jan. 11, 2011).

However, because "Albany Medical Department" is not a legal entity, Dkt. No. 16 at 2, the Court recommends the amended complaint be dismissed as against Albany Medical Department for failure to state a claim upon which relief may granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

Next, Defendant Albany Medical Center Hospital argues Plaintiff's amended complaint fails to state a claim of deliberate indifference to a serious medical condition. Dkt. No. 21-1 at 6-8. Specifically, Defendant contends Plaintiff has not alleged a condition was objectively "sufficiently serious." *Id*. at 6. According to Defendant, at most, Plaintiff only alleged that due to repeated instances of fecal incontinence, nurses placed a rectal tube to address those complaints. *Id*. Defendant further argues Plaintiff has not alleged the nurses acted with "criminal recklessness." *Id*. at 6-7. Rather, "a tube was placed with the intent of addressing a medical condition," and at best, Plaintiff's deliberate indifference claim "arises to nothing more than a disagreement with the medical decision to place that tube." *Id*. at 7. Defendant contends

9

"mere negligence or medical malpractice in the administration of medical care is not enough to maintain an action for deprivation of medical care under the Eighth Amendment." *Id*.

However, Judge Kahn ordered that Plaintiff's deliberate medical indifference claims against Jane Doe Nurse #1 and #2 survived initial review based on the nurses' alleged actions of acting without a doctor's approval. *See* Dkt. No. 12 at 5. There have been no further factual findings since that would alter his decision. Although further discovery may reveal Plaintiff has no evidentiary basis to establish that the nurses were subjectively reckless or deliberately indifferent when Defendant Nurse Jane Doe #1 "held him down" while Defendant Nurse Jane Doe # 2 "forced a tube" inside Plaintiff's rectum without approval from a physician, at this time, the Court declines to recommend Plaintiff's Eighth Amendment deliberate medical indifference claims against the Doe nurses be dismissed on the *pleadings* alone.[3]

Moreover, in response to Defendant's motion, Plaintiff argues "defendant Victoria I. Brown (RN)[4] knew of and disregarded an excessive and unnecessary risk to plaintiff's health and safety. She knowingly and intentionally placed the fecal tube into plaintiff's rectum while conscious of the risk of secondary infection, knowing that the placement of such tube was not

---

[3] As such, the Court declines to consider the attorney's affidavit with attachments submitted as Defendant's reply. Dkt. No. 52. Even if the Court were to consider Plaintiff's medical records, Dkt. No. 50-3, as "incorporated' or "integral" to the amended complaint, *Briglin v. Hurley*, No. 2024 WL 3828234 (BKS/TWD), at *7 (N.D.N.Y. Aug. 15, 2024), judgment on the pleadings would not be warranted. Accepting Plaintiff's version of events as true, the defendant nurses held him down and inserted the fecal tube without authorization from a physician on April 12, 2022, Dkt. No. 11 at 3, and there is no entry authorizing a fecal tube insertion on April 12, 2022. *See* Dkt. No. 50-3.

[4] Although Plaintiff refers to "Defendant Victoria I. Brown (RN)" throughout his opposition submission, Dkt. No. 48, Victoria I. Brown (RN) is not a defendant and is not a party to this action. Despite the Court's prior directives and multiple opportunities, Plaintiff did not file a motion to amend the complaint in accordance with the Local Rules which identifies the nurses in place of Jane Doe #1 and Jane Doe #2 and the extended time to do so has expired. *See* Dkt. No. 31, 38, 55, 58, 63.

10

authorized by an attending physician, simply to make the hospital's staff's jobs easier and less pleasant." Dkt. No. 48 at 4; *see Chance*, 143 F.3d at 703-04 ("In certain instances, a physician may be deliberately indifferent if he or she consciously chooses 'an easier and less efficacious' treatment plan"); *see also Green v. Haimes*, No. 9:18-CV-703 (BKS/ATB), 2019 WL 2775589, at *9 (N.D.N.Y. May 23, 2019) ("[M]edical decisions that are 'contrary to accepted medical standards,' may exhibit deliberate indifference, because the doctor has 'based his decision on something other than sound medical judgment.'") (quoting *Stevens v. Goord*, 535 F. Supp. 2d 373, 385 (S.D.N.Y. 2008)), *report and recommendation adopted*, 2019 WL 2766544 (N.D.N.Y. July 2, 2019).

Lastly, in his opposition submission, Plaintiff asserts for the first time that "[t]he fact that defendant Victoria I. Brown (RN)[5] acted without proper authorization/supervision establishes that defendant Albany Medical Center Hospital was negligent in supervision it's (sic) staff; indicating a deliberate indifference to plaintiff's serious needs." Dkt. No. 48 at 3. However, "[i]t is well settled that a municipality [or a private company] cannot be held liable under § 1983 solely on a theory of *respondeat superior*." *Marcano v. City of Schenectady*, 38 F. Supp. 3d 238, 265 (N.D.N.Y. 2014) (citing *Monell v. Depot of Soc. Servs.*, 436 U.S. 658, 692 (1977)).

"Because municipalities [or a private company] may not be held vicariously liable for the actions of their employees, a claim against a municipality must be premised on the theory that it maintained a policy, practice, or custom that caused the plaintiff's constitutional injury." *Id*. (citation omitted). "[T]he elements of a *Monell* claim are (1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." *Friend v. Gasparino*, 61 F.4th 77, 93 (2d Cir. 2023) (quoting *Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86,

---

[5] Again, "Victoria I. Brown (RN)" is not a defendant in this action.

11

95 (2d Cir. 2020)). "In other words, municipalities may not be held liable 'unless action pursuant to official municipal policy of some nature caused a constitutional tort.'" *Id*. (quoting *Monell*, 436 U.S. at 691). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id*. (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)); *see also Iacovangelo v. Correctional Med. Care, Inc.*, 624 F. App'x 10, 14 (2d Cir. 2015) (widespread practice not pled where other than the plaintiff, the pleading provides only one additional example of a similar incident); *Santana v. City of New York*, No. 15-CV-6715, 2018 WL 1633563, at *10 (S.D.N.Y. Mar. 29, 2018) ("[I]t is well-settled that a "single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.").

"Although there is no heightened pleading requirement for complaints alleging municipal liability under § 1983, a complaint does not suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (internal punctuation omitted). "To survive a motion to dismiss a municipal liability claim, a plaintiff must allege facts tending to support, at least circumstantially, an inference that a municipal policy or custom exists." *Id*. at 95 (internal quotation marks and ellipsis omitted); *see also Cruz v. Vill. of Spring Valley*, No. 21-CV-2073, 2022 WL 428247, at *6 (S.D.N.Y. Feb. 11, 2022) (collecting cases). Put simply, to allege "there is a policy does not make it so." *Vassallo v. City of New York*, No. 15-CV-7125, 2016 WL 6902478, at *14 (S.D.N.Y. Nov. 22, 2016).

Here, because Plaintiff has failed to plausibly allege *Monell* liability on the part of Defendant Albany Medical Center Hospital, the Court recommends dismissing Plaintiff's Eighth Amendment deliberate medical indifference claim against Defendant Albany Medical Center

Hospital for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

However, given Plaintiff's *pro se* status, the Court recommends Plaintiff's Eighth Amendment deliberate medical indifference claim against Defendant Albany Medical Center Hospital be dismissed without prejudice and with leave to file a second amended complaint. *See Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*, 292 F. Supp. 2d 535, 555 (S.D.N.Y. 2003) (noting that courts routinely grant leave to replead following judgment on the pleadings, unless amendment would be futile); *see Levinson v. United States Fed. Bureau of Prisons, Metro. Corr. Ctr. - New York*, 594 F. Supp. 3d 559, 567 (S.D.N.Y. 2022) ("[W]hen a motion to dismiss is granted, the usual practice is to dismiss the claims without prejudice and grant plaintiff leave to amend the complaint.").

Additionally, although the time to amend the pleadings has since expired, Dkt. No. 63, in light of the above recommendation, the Court also recommends Plaintiff be afforded one final opportunity to properly name Jane Doe Nurse # 1 (Albany Medical Center) and Jane Doe Nurse # 2 (Albany Medical Center) in the second amended complaint should he wish to do so. In so recommending, the Court expresses no opinion on whether a second amended complaint would survive initial review.

## V.     CONCLUSION

**WHEREFORE**, for the reasons set forth herein, it is hereby

**RECOMMENDED** that Defendant Albany Medical Center Hospital's motion, Dkt. No. 21, be **GRANTED IN PART AND DENIED IN PART**; and it is further

**RECOMMENDED** that the amended complaint, Dkt. No. 11, be **DISMISSED** against Defendants Albany Medical Center Hospital and Albany Medical Department for failure to state a claim upon which relief may be granted; and it is further

**RECOMMENDED** that Plaintiff be granted an opportunity to file a second amended complaint; and it is further

**ORDERED** that the Clerk serve a copy of the Report-Recommendation and Order on all parties in accordance with Local Rules, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2008) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.[6]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: September 10, 2024
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[6] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).