UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JONNIE JONES,

                Plaintiff,

-against-                                                9:23-CV-523 (LEK/TWD)

ALBANY MEDICAL CENTER HOSPITAL, *et al*,

                Defendants.

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Pro se Plaintiff Jonnie Jones commenced this civil rights action pursuant to 42 U.S.C. § 1983 on April 27, 2023. Dkt. No. 1 ("Complaint"). After the Complaint was dismissed pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A for failure to sufficiently allege a claim, Dkt. No. 9 ("June 2023 Order"), Plaintiff filed an amended complaint alleging violations of his Eighth Amendment rights while incarcerated at Clinton Correctional Facility, Dkt. No. 11 ("Amended Complaint"). On September 12, 2023, the Court reviewed the Amended Complaint for sufficiency pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A and directed Defendants Albany Medical Department ("AMD"), Albany Medical Center Hospital ("AMCH"), and Nurses Jane Doe #1 and #2 ("Nurse Defendants") to respond to Plaintiff's Eighth Amendment claim. Dkt. No. 12 ("September 2023 Order") at 5–6. Defendant AMCH filed an answer on October 20, 2023, Dkt. No. 16 ("Answer"), and filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on November 28, 2023, Dkt. No. 21-1 ("Motion"). Plaintiff filed a response, Dkt. No. 25, and Defendant filed a reply, Dkt. No. 50.

On September 10, 2024, the Honorable Therèse Wiley Dancks, United States Magistrate Judge, issued a report and recommendation recommending that the Motion be granted in part and denied in part and that the Amended Complaint be dismissed against Defendants AMCH and AMD. Dkt. No. 64 ("Report and Recommendation") at 13–14. Neither party filed objections to the Report and Recommendation.

For the reasons discussed below, the Report and Recommendation is approved and adopted in its entirety.

**II.  BACKGROUND**

The Court assumes familiarity with the facts alleged in the Amended Complaint as discussed in in prior orders and the Report and Recommendation. *See* Jun. 2023 Order at 2–3; Sep. 2023 Order at 1–2; R. & R. at 2–3.

First, Judge Dancks addressed Defendant AMCH's argument that "it cannot be held liable under Section 1983 because it was not acting under color of state law." R. & R. at 7–9 (citing Mot. at 5–8; Answer at 1). While acknowledging that AMCH is a private institution, Judge Dancks correctly noted that alleging a contract with the State of New York to provide medical services to incarcerated patients is sufficient to allege state action for the purposes of a Section 1983 claim. *Id.* at 8–9 (collecting cases). Accordingly, Judge Dancks recommended the Motion be denied on this ground.

Second, Judge Dancks recommended that, since Defendant AMD is not an independent legal entity and cannot be sued, the Amended Complaint be dismissed against them for failure to state a claim upon which relief can be granted. *Id.* at 9 (citing Answer at 2).

Third, Judge Dancks evaluated Defendant AMCH's argument that Plaintiff "fail[ed] to state a claim of deliberate indifference to a serious medical condition." *Id.* at 9–10 (citing Mot. at

2

6–8). Judge Dancks referred to this Court's prior finding that Plaintiff had stated a claim against the Nurse Defendants and recommended that, since "[t]here have been no further factual findings since that would alter [t]his decision," the Eighth Amendment medical indifference claims against the Doe nurses should not be dismissed on the pleadings alone. *Id.* at 10. Despite this, Judge Dancks recommended granting the Motion as to Defendant AMCH because AMCH could not be found vicariously liable for the actions of the Nurse Defendants and because Plaintiff failed to allege the existence of a "policy, practice, or custom that caused [Plaintiff's] constitutional injury." *Id.* at 11 (quoting *Marcano v. City of Schenectady*, 38 F. Supp. 3d 238, 265 (N.D.N.Y. 2014)).

Fourth, Judge Dancks recommended that Plaintiff be granted leave to file a second amended complaint both to correct the errors with the Eighth Amendment claims against AMCH and to properly identify the Nurse Defendants. *Id.* at 13.

### III.  LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); *see also* L.R. 72.1(b). "When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a '*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Walker v. Artus*, 998 F. Supp. 2d 18, 24 (N.D.N.Y. 2014) (citing 28 U.S.C. § 636(b)(1)). However, if no objections are made, a district court need only review a report and recommendation for clear error. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made,

3

provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Fed. Bureau of Prisons*, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### IV.   DISCUSSION

Since no party objected to the Report and Recommendation, the Court reviews for clear error. *See DiPilato*, 662 F. Supp. 2d at 339. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

### V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 64, is **APPROVED and ADOPTED**; and it is further

**ORDERED**, that Defendant Albany Medical Center Hospital's Motion, Dkt. No. 21, is **GRANTED in part and DENIED in part**; and it is further

**ORDERED**, that the Amended Complaint, Dkt. No. 11, is **DISMISSED without prejudice** against Defendants Albany Medical Center Hospital and Albany Medical Department for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that the Clerk of the Court terminate defendants Albany Medical Center and Albany Medical Department; and it is further

**ORDERED**, that Plaintiff has forty-five (45) days from the date this Memorandum-Decision and Order is entered to file an amended complaint that will supersede the existing Amended Complaint; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   September 30, 2024
         Albany, New York

LAWRENCE E. KAHN
United States District Judge